UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 12-018-JBC**

**ROBERT LEE POLK,**                                                                                     **PLAINTIFF,**

**V.**            **MEMORANDUM OPINION AND ORDER**

**DONNA SADLER, M.D.,**                                                **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on Robert Lee Polk's *pro se* motion for summary judgment (R. 49). Polk asserts that he is entitled to judgment as a matter of law based on his factual assertions regarding the alleged medical negligence that resulted in two of his toes being amputated in August 2011. The court will deny the motion because genuine disputes of material fact exist in this case that preclude summary judgment in Polk's favor.

Polk was incarcerated in the Fayette County Detention Center in Lexington, Kentucky, when he sustained an injury to his left foot in August 2011. That injury eventually required the amputation of two toes from his left foot. Polk asserts that but for Dr. Sadler's medical negligence, his injury would have been treated sooner, preventing the need for amputation. Though a plaintiff in a medical malpractice suit generally must present expert testimony as to the applicable standard of care and that a violation of that standard was the proximate cause of the plaintiff's injury, *see Baylis v. Lourdes Hospital, Inc.*, 805 S.W.2d 122, 124 (Ky. 1991); *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1965), Polk argues that the

1

treatment he received was such an obvious violation of the standard of care that expert testimony is unnecessary in light of the evidence found in Dr. Sadler's medical notes.

Without reaching the issue of whether Polk must necessarily present expert testimony to prove his case, Polk has not met his burden to prove that no genuine dispute of material fact exists in this case. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Viewing the evidence and drawing all reasonable inferences in the light most favorable to Dr. Sadler, the non-movant, *see Blackmore v. Kalamazoo Co.*, 390 F.3d 890, 895 (6th Cir. 2004), genuine disputes of material fact exist in this case including, but not limited to, the applicable standard of care and skill under the circumstances and whether the alleged negligence actually and legally caused Polk's injuries. Accordingly,

**IT IS ORDERED** that Polk's motion for summary judgment (R. 45) is **DENIED**.

Signed on December 12, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY